UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60010-CIV-COHN/SELTZER

MYRA HARDEN and
CLEMROY HARDEN,

    Plaintiffs,

vs.

TARGET CORPORATION,

    Defendant.
_____/

### ORDER ON DEFENDANT'S MOTION TO WITHDRAW ADMISSIONS

THIS CAUSE is before the Court on Defendant Target Corporation's Motion to Withdraw Admissions (DE 24) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is GRANTED for the reasons set forth below.

Simultaneous with the filing of the Complaint, Plaintiffs served on Defendant Target Corporation a Request for Admissions; Defendant timely served its response to this Request. On or about March 11, 2009, Plaintiffs served on Defendant a Second Request for Admissions; Defendant's response to the Second Request for Admissions was due thirty days after the date of service. See Fed. R. Civ. P. 36(a)(3). By Defendant's calculations, its due date for its response was April 13, 2009.[1] Defendant failed to respond

---

[1] Defendant has represented that Plaintiffs attempted to serve the Second Request for Admissions by fax after 5:00 p.m. on March 11, 2009, but the Request was not properly transmitted; Plaintiffs then re-faxed the Request the next day. Defendant also received a complete copy of the Second Request by mail. Defendant contends that because the Second Request was served in its entirety only by mail, three additional days were allotted, rendering Defendant's response due on April 13, 2009. By contrast, Plaintiffs contend that the response was due on April 10, 2009.

to the Request for Admissions within the 30-day period. However, on April 14, 2009, Defendant's attorney contacted one of Plaintiffs' attorneys and requested a ten-day extension to respond to the Second Request for Admissions. Plaintiffs' attorney responded that he would discuss the matter with his senior partner; he was not able to speak with the senior partner until after the close of business on April 15, 2009. However, before speaking with Defendant's attorney about the requested extension, Plaintiffs' attorney filed a Notice (DE 16), which requested that the Court take notice that pursuant to Federal Rule of Civil Procedure 36 all matters in their Second Request for Admissions were admitted by Target's failure to provide written responses within the time required. And that same day, Plaintiffs' attorney faxed a letter to Defendant's attorney, refusing to agree to the extension of time because the requests were deemed admitted by operation of law when Defendant did not timely respond thereto. See April 15, 2009 letter, Ex. A (DE 21-2).

On April 16, 2009, Defendant filed a Motion for Extension of Time (DE 17) requesting that the Court grant it a one-week extension to respond to Plaintiffs' Second Request for Admissions. This Court denied the requested extension because Defendant had failed to respond to the Second Request for Admissions (or request an extension to do so) within 30 days of service of the Request, and, therefore, under Federal Rule of Civil Procedure 36(a)(3), the requests were automatically deemed admitted. See April 22, 2009 Order (DE 22). The Court, however, did note that Rule 36(b) authorizes a court to withdraw an admission, and it permitted Defendant to file such motion by May 4, 2009. Defendant's instant Motion to Withdraw Admissions (DE 14) timely ensued. Defendant

requests that the Court permit it to withdraw its deemed admissions to Requests 1, 4, 5, 6, and 7 or, in the alternative, to consider its responses to the requests attached to the Motion. Plaintiff has not opposed Defendant's Motion, and the time to do so has passed.[2]

Rule 36(a) permits a party to serve any other party with a written request to admit the truth of matters relating to "facts, the application of law to fact, or opinions about either" or "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A) and (B). The party upon whom a request for admission is served has 30 days from service of the request to respond by a written answer that must "specifically deny [the request], . . . state in detail why the answering party cannot truthfully admit or deny it," or assert an objection. Fed. R. Civ. P. 36(a)(4) and (5). If a party fails to respond within the 30-day period or within such time as the court permits or to which the parties agree, the "matter is admitted." Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36(a)] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Withdrawal or amendment is permitted "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.

Consistent with Rule 36(b), the Eleventh Circuit has set forth a two-prong test governing the determination of whether a party should be permitted to withdraw or amend admissions: "First, the court should consider whether the withdrawal will subserve the

---

[2] Local Rule 7.1.C provides that "[e]ach party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1.C. Notwithstanding Plaintiffs' failure to oppose the instant Motion, the Court will consider it on the merits.

presentations of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." Perez v. Miami-Dade County, 297 F.3d 1255, 1264 (11th Cir. 2002).  "Rule 36(b)'s two-part test is much more than merely hortatory; it emphasizes the *importance of having the action resolved on the merits*, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'"  Id. at 1265 (emphasis in original) (quoting Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577-78 (11th Cir. 1988)).

The first prong of this test "emphasizes the importance of having the action resolved on the merits and is satisfied when upholding the admissions would practically eliminate any presentation on the merits."  Perez, 297 F.3d at 1266 (internal citations and quotation marks omitted).   Here, Plaintiffs have alleged that Myra Harden slipped due to a foreign object or substance on the floor and injured herself while shopping at a Target store.  The Complaint alleges that Defendant Target was negligent in failing to properly maintain and/or clean the floor, thus creating a dangerous condition.  Plaintiffs' Request asks Target to admit, *inter alia*, that it did not have a "mode of operation" to prevent liquids and other foreign objects on Target's floor at the time of Plaintiff's alleged fall, that Defendants had an obligation to prevent personal injury to its guests by routinely inspecting the floor, and that food on the premises and mustard on the floor are hazardous conditions.  These matters are highly significant, if not central, to this litigation.  The Court, therefore, finds that the first prong of the Perez test has been met; withdrawal of the admissions would aid in the "ascertainment of the truth and the development of the merits."  Smith, 837 F.2d at

1577.

The Perez Court has discussed the nature of the prejudice contemplated by the second prong:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to questions previously answered by the admissions.

Perez, 297 F.3d at 1266 (quoting Smith, 837 F.2d at 1578) (quoting Brook Village N. Assoc. v. Gen Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982)).

Here, as Plaintiffs have failed to respond to the instant Motion, they have demonstrated no prejudice resulting from a withdrawal of the admissions, and the Court finds no such prejudice. Defendant requested an extension of time to respond to Plaintiffs' Second Request for Admissions (from both Plaintiffs' and the Court) almost immediately after its 30-day response period had elapsed, and it filed the instant Motion to Withdraw the Admissions soon after the Court denied Defendant's motion to extend the time to respond to Plaintiffs' Second Request for Admission. Therefore, Plaintiffs were on notice that they may have to prove their case without resort to the deemed admissions. More importantly, Plaintiffs will not be prejudiced if Defendant's deemed admissions are withdrawn; they are not faced with difficulty in proving their case because of a "sudden need to obtain evidence with respect to questions previously answered by the admissions." Perez, 297 F.3d at 1266. Plaintiffs have ample time to obtain discovery as to the matters raised by their Second Request for Admissions; almost two months remain in the discovery

5

period, and the trial is not scheduled to commence for nearly five months. The second prong of the <u>Perez</u> test, therefore, has also been met.

Both prongs of the <u>Perez</u> test having been satisfied, it is hereby ORDERED that Defendant's (deemed) admissions are WITHDRAWN and that its Response attached to the instant Motion (DE 24-3) will serve as a timely response to Plaintiffs' Second Request for Admissions.

DONE AND ORDERED in Fort Lauderdale, Florida, this 22nd day of May 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record